IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL SHEMOND WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-345-JDK-JDL |
| | § | |
| JOHN ELLIS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Shemond White, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court is Defendant John Ellis's motion for summary judgment (Docket No. 37). Plaintiff complained that Defendant Ellis used excessive force on him on April 10, 2018. Defendant Ellis moved for summary judgment, contending that the force was used in a good-faith effort to restore discipline rather than maliciously or sadistically for the very purpose of causing harm. Plaintiff did not respond to the summary judgment motion. On January 8, 2021, Judge Love issued a Report and Recommendation recommending that the Court grant Defendant's summary judgment motion and dismiss Plaintiff's claims against Defendant Ellis with prejudice. Docket No. 40.

Where a party timely objects to the Report and Recommendation, the Court

reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Subsequent to Judge Love's Report, Plaintiff submitted two letters that the Court will construe as objections. Docket Nos. 44, 45.

The first letter asks that the pen Plaintiff allegedly grabbed from Defendant Ellis to use as a weapon be offered in evidence, with prints, and attaches a number of documents. Docket No. 44. None of these documents is relevant to the issue in the case. And Plaintiff's request to admit the pen into evidence, after the passage of almost two years, provides no justification to set aside the Magistrate Judge's Report.

Plaintiff's second letter appears to be a trial brief. Docket No. 45. He discusses trial preparation and witnesses and refers to a legal theory of the case based on the Universal Declaration of Human Rights. He also propounds a new factual theory for the first time, stating that the object which he allegedly grabbed was not a pen but a flashlight, which fell off the Defendant's vest and into the handcuffs. Plaintiff states: "Defendant John Ellis did not get the flashlight, Offender White did, and put it under offender's left side." Docket No. 45 at 2. Even if this letter raised legitimate objections to the Report, Plaintiff may not raise new issues for the first time in objections to the Magistrate Judge's Report. *Finley v. Johnson*, 243 F.3d 215, 218 n.3

(5th Cir. 2001). Accordingly, Plaintiff's second letter likewise offers no basis for rejecting the Magistrate Judge's Report.

The Court notes that, as stated in the Report, while Plaintiff's original pleading named "Coffield Medical Staff" as a defendant here, Plaintiff withdrew any claims against that defendant in his amended complaint, which named only Defendant Ellis. Docket No. 5 at 3. And Judge Love recently denied Plaintiff's implied motion for leave to amend his complaint to add claims against Linda Garner. Docket No. 43. Accordingly, the only pending claims in this action are those against Defendant Ellis.

Having conducted a de novo review of Plaintiff's objections, the Magistrate Judge's Report, and the record in this case, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 40) as the opinion of the District Court and **GRANTS** Defendant Ellis's summary judgment motion (Docket No. 37). Plaintiff's claims against Defendant Ellis are hereby **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **10th** day of **February, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE